# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Gregory Thomas Pencille, #312332, ) | Civil Action No. 1-18-2904-RMG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Aaron Joyner, ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 39) recommending that the Court grant Respondent's motion for summary judgment (Dkt. No. 22) on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Respondent's motion for summary judgment.

## I.     Background

Petitioner Gregory Thomas Pencille is a is an incarcerated person proceeding *pro se* to seek habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in August 2010 to one count of criminal sexual conduct in the first degree, for which the Circuit Court judge sentenced Petitioner to the statutory maximum of thirty years' imprisonment. The plea colloquy was extensive and the sentencing judge heard statements from Petitioner's attorney and father, as well as the victim of Petitioner's crime. Petitioner did not object during the plea colloquy or sentencing, but sought reconsideration of the sentence, which the sentencing judge denied after a hearing. In September 2012, Petitioner's appellate counsel appealed on the issue, "Whether the plea court erred in taking into account other charges that appellant may have had but were not

convictions in deciding to sentence him to thirty (30) years imprisonment." In June 2013, the South Carolina Supreme Court dismissed the appeal and the remittitur was issued.

In November 2013, Petitioner filed *pro se* an application for post-conviction relief ("PCR") raising two grounds: (1) that his guilty plea is "invalid and was taken in violation of the Fourteenth Amendment where it was not entered knowingly, voluntarily and intelligently, and entered because of Ineffective Assistance of Counsel as alleged and shown" by nine specific sub-grounds, and (2) that he was deprived of his "Sixth and Fourteenth Amendment rights to the Effective Assistance of Counsel because of the combined actions and inactions of counsel as state[d] and/or contemplated in this Petition and any other amended or supplemental Petition." (Dkt. No. 21-1 at 54-70.) In January 2016, after an evidentiary hearing at which Petitioner was represented by counsel and testified, as did his plea counsel, the PCR application was denied and dismissed with prejudice. In October 2016, Petitioner's appellate counsel appealed and filed for a *Johnson* petition for writ of certiorari, raising the issue, "Did the PCF judge err in refusing to find that the guilty plea was rendered involuntary by plea counsel's failure to advise Petitioner that the guilty plea to criminal sexual conduct could subject Petitioner to civil confinement, after the service of the criminal sentence, pursuant to the Sexually Violent Predator Act?" (Dkt. No. 21-5 at 3.) On January 3, 2017, Petitioner filed a *pro se* brief in response to his petition that raised four additional issues including whether the courts found in error that his trial counsel and PCR counsel were not ineffective. (Dkt. No. 21-6 at 3.) In June 2018, the South Carolina Court of Appeals denied Petitioner a writ of certiorari.

In October 2018, Petitioner filed the instant § 2254 petition, raising eight grounds for relief: one ground that Petitioner was "denied the right to petition for redress of grievances under the First Amendment of the United States Constitution when the appeal court refused to hear his

complaints during the appeal process," and seven grounds of ineffective assistance of plea and appellate counsel. (Dkt. No. 1-1 at 1-18.)

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### C. Federal Habeas Relief Pursuant to 28 U.S.C. § 2254

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain federal habeas relief only if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S. 415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the

case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). The petitioner "must present his claims to the state's highest court," *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)), which requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th Cir. 2008). Rather, for a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. Discussion

After careful review of the R & R, Petitioner's objections and the record on summary judgment, the Court finds that the Magistrate Judge comprehensively addressed the issues and correctly concluded that Petitioner's petition should be denied.

Respondent contends that Petitioner's eight grounds for relief are procedurally barred. Petitioner indicates that he did not raise any of these grounds on direct appeal, did not raise grounds one through three in his PCR application, and raised grounds four through eight in his PCR application but not on appeal from the denial of his PCR application. (Dkt. No. 1-1 at 2, 4, 5, 8-9, 13, 15, 17, 23-25.) Therefore, these grounds are procedurally barred absent a showing of cause and prejudice, actual innocence, or that Petitioner's confinement constitutes a miscarriage of justice. None of these showings are supported by the record.

First, "attorney error does not qualify as 'cause' to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017). Although a prisoner does not have a constitutional right to counsel in state post-conviction proceedings, ineffective of PCR counsel can constitute cause to over come default in the narrow context of when "the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 2062-63. Only Petitioner's second ground for relief alleges that his PCR counsel failed to raise a claim of ineffective assistance of his plea counsel. Generally, to demonstrate ineffective assistance of counsel, Petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective assistance of counsel related to a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (internal

quotation marks omitted). As the United States Supreme Court has found, "[s]urmounting *Strickland*'s high bar is never an easy task . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). In his second ground for relief, Petitioner asserts that had his plea counsel advised him that he was not subject to a life without parole ("LWOP") sentence under the applicable statute, he would have instead proceeded to trial. (Dkt. No. 1-1 at 3, No. 14 at 15-20.) As the Magistrate Judge comprehensively analyzes, including a review of S.C. Code Ann. § 17-25-45 and its subsequent interpretations by the South Carolina Supreme Court, this contention is without merit. (Dkt. No. 39 at 22-24.) Because Petitioner had already been convicted of the more serious offense of kidnapping at the time of his pleading guilty to criminal sexual conduct, he was subject to LWOP under the statute despite not having completed his sentence for kidnapping. Therefore, Petitioner has failed to show that his plea counsel misadvised him in this regard to the *Strickland* standard applied in the § 2254 context, and his second ground for relief remains procedurally barred without excuse.

Next, regarding Petitioner's first, second, third and seventh grounds for relief, Petitioner argues that they are novel and "surfaced during the legal analysis" of preparing for habeas relief. (Dkt. No. 21 at 23.) A claim may constitute cause for procedural default if it "is so novel that its legal basis is not reasonably available to counsel," but this circumstance is not present here. *Reed v. Ross*, 468 U.S. 1, 16 (1984). As the Magistrate Judge notes, these grounds are merely complaints about the South Carolina appellate system or contentions of disagreements with his counsel that fail to rise to the level of ineffective assistance of counsel demanded by *Strickland* in the § 2254 context and, contrary to Petitioner's arguments, were discoverable before seeking federal habeas relief.

Nor has Petitioner demonstrates that his procedurally barred grounds for relief should nonetheless proceed because he is actually innocent or because a miscarriage of justice would otherwise result. Petitioner was represented by counsel at his plea and sentencing, on direct appeal, during his PCR proceedings, and on appeal of the PCR application's denial. Petitioner did not object to the facts presented during his plea and sentencing, nor did he dispute DNA evidence put forth.

Petitioner objects to the R & R, including that (1) his grounds for relief are not procedurally defaulted, (2) but that the "predominate visible cause of Petitioner's default seems to be ineffective assistance of counsel," (3) and that cause and prejudice to excuse procedural default exist for a litany of reasons relating to the South Carolina judicial system's alleged shortcomings. (Dkt. No. 41 at 6-20.) The Court finds these objections are without merit and do not raise a dispute as to whether the grounds for relief are procedurally barred. Petitioner also objects that the Magistrate Judge neglected to review his fourth, fifth, sixth and eighth grounds for relief. (*Id.* at 20.) As Petitioner notes, these four grounds "fall under the heading of ineffective assistance of counsel" and were "not presented to the higher court." (*Id.*) Because Petitioner's grounds for relief are procedurally barred and the record does not support a showing of cause and prejudice, nor actual innocence, nor that confinement is a miscarriage of justice, Respondent is entitled to summary judgment.

### IV.     **Certificate of Appealability**

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner's grounds for relief are procedurally barred and that no exception applies. Therefore, a Certificate of Appealability is denied.

### V. Conclusion

For the foregoing reasons, Court **ADOPTS** the R & R (Dkt. No. 39) as the Order of the Court and **GRANTS** Respondent's motion for summary judgment (Dkt. No. 22). The Court **DENIES** Petitioner's petition for a writ of habeas corpus brought under 28 U.S.C. § 2254 and **DENIES** a Certificate of Appealability.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 10, 2019
Charleston, South Carolina